OPINIONS OF THE SUPREME COURT OF OHIO
        The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
        Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
        NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State of Ohio, Appellant, v. Wills, Appellee.
[Cite as State v. Wills (1994),     Ohio St. 3d     ]
Criminal procedure -- Penalties and sentencing -- Additional
     three years of actual incarceration for offenses involving
     a firearm -- R.C. 2929.71(B), applied -- Separate armed
     robberies of two victims are not a single "transaction"
     for purpose of the firearm specification statute, when.
     (No. 93-1333 -- Submitted May 10, 1994 -- Decided July 27,
1994.)
        Appeal from the Court of Appeals for Montgomery County,
No. 13409
        The case involves the sentencing of appellant, Daniel
Wills.
        On the afternoon of December 2, 1991, two seventh graders,
Eric Stone and Andre Stroud Thomas, were walking from school to
a bus stop.  Stone saw three people across the street.  Wills
was one of the three.  The three people followed Stone.  Wills
told Stone to "check in" his Boston Celtics Starter coat.
Stone testified that this means "give me your coat."  When
Stone refused, Wills reached inside his coat and pulled out a
black automatic handgun.  Wills touched Stone's chest with the
gun, and Stone took off his coat and handed it to Wills.
        The three persons then crossed the street and approached
Thomas.  The three repeatedly asked Thomas to give them his
Cincinnati Bengals Starter coat.  When Thomas refused, Wills
punched him in the left jaw.  When Thomas again refused to hand
over the coat, someone kicked him in the head.  Wills then
pulled out what Thomas identified as a black nine-millimeter
automatic handgun, and told Thomas that he would shoot Thomas
unless Thomas gave up his coat.  After obtaining the Bengals
coat, the three ran off.
        Wills was arrested and charged with two counts of
aggravated robbery.  Each count included a firearm
specification.  A jury found Wills guilty of both counts of
aggravated robbery, and of both firearm specifications.   Wills
was sentenced to five to twenty-five years on each of the
aggravated robbery convictions, and three yearss actual
incarceration on each firearm specification.  All four

sentences were ordered to be served consecutively.

The Court of Appeals for Montgomery County modified the trial court's sentencing scheme because the appellate court held that the two robberies collectively constituted only one transaction punishable by a single firearm specification. The court of appeals, accordingly, deleted one of the two three-year sentences of actual incarceration for a firearm specification.

This cause is before this court pursuant to the granting of a motion for leave to appeal.

Mathias H. Heck, Jr., Montgomery County prosecuting attorney, and Walter F. Ruf, Assistant Prosecuting Attorney, for appellant.

John H. Rion & Associates and John H. Rion, for appellee.

Pfeifer, J. The single question before this court is whether the separate armed robberies of Eric Stone and Andre Stroud Thomas were a single "transaction" for purposes of the firearm specification statute, R.C 2929.71(B). The statute provides:

"If an offender is convicted of, or pleads guilty to, two or more felonies and two or more specifications charging him with having a firearm on or about his person or under his control while committing the felonies, each of the three-year terms of actual incarceration imposed pursuant to this section shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed * * *. If any of the felonies were committed as part of the same act or transaction, only one three-year term of actual incarceration shall be imposed for those offenses, which three-year term shall be served consecutively with, and prior to, the life sentences or indefinite terms of imprisonment imposed * * *."

We hold that the separate robberies of Stone and Thomas were separate transactions within the meaning of R.C. 2929.71(B). When it enacted R.C. 2929.71, the General Assembly intended to separately punish each criminal transaction committed with the assistance of firearms. Each separate criminal transaction performed with the assistance of a firearm is punishable by a mandatory three-year sentence. The language in R.C. 2929.71(B) instructs the courts on how to treat those cases where multiple offenses are committed with the assistance of a firearm by the same defendant. The statute states that separate mandatory sentences are appropriate unless the separate punishable criminal offenses were part of the same transaction or act.

This court has never defined the word "transaction" as it is used in R.C. 2929.71(B). To do so, we adopt the test used by the Court of Appeals for Summit County, which defined "transaction" as "'a series of continuous acts bound together by time, space and purpose, and directed toward a single objective.'" State v. Caldwell (Dec. 4, 1991), Summit App. No. 14720, unreported, at 26-27.

By applying this standard to the present case, we conclude that the armed thefts of Stone and Thomas were not part of a series of continuous acts. Wills and his cohorts singled out

Stone first, surrounded him, pulled out a gun and then under threat of force robbed him.  After completing this task they then targeted Thomas, surrounded him, beat him, pulled out a gun, and then robbed him.  Wills should serve no less time because of the coincidental proximity of his two victims.

The sentence of the trial court is reinstated and the judgment of the court of appeals is reversed.

Judgment reversed.

Moyer, C.J., Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

A.W. Sweeney, J., dissents.