DECISION.
{¶ 1} In three assignments of error, defendant-appellant Curtis Hill contests the voluntariness of his pleas of guilty to counts of aggravated robbery and kidnapping. He also contests the thirty-one-year term of imprisonment imposed by the trial court following its acceptance of his pleas. Because Hill entered his pleas knowingly and voluntarily, we affirm the findings of guilt on each of the three offenses and accompanying firearm specifications. But because the trial court imposed a term of actual incarceration on more than one firearm specification for felony offenses committed as part of the same act or transaction, the sentence is vacated in part and the cause is remanded for correction of the trial court's record.
{¶ 2} On September 29, 2001, Hill and an accomplice, Robert Robinson, entered the Finer Diamond store. They ordered the owner, his mother, and another employee into a back room at gunpoint. Hill and Robinson then seized jewelry from the display cases and fled from the store.
{¶ 3} In an assignment of error raised pro se, the third, Hill contends that his pleas were not voluntarily made because he was told by his trial counsel that in exchange for his pleas he was to receive a six-year sentence of incarceration. There is no evidence in this record
to indicate that any promises were made to Hill by his trial counsel, the prosecutor, or the trial court. In accepting Hill's pleas, the trial court complied with the requirements of Crim.R. 11(C). See State v. Ballard
(1981), 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus; see, also, State v. Stewart (1977), 51 Ohio St.2d 86,364 N.E.2d 1163. The third assignment of error is overruled.
{¶ 4} In his first assignment of error, Hill contends that the trial court erred in sentencing him to consecutive three-year terms of actual incarceration for two firearm specifications. Hill argues that because the aggravated robbery and the two kidnappings for which he was convicted were committed as part of the same act or transaction, he could be sentenced to only one three-year term of actual incarceration on the firearm specifications. The state agrees.
{¶ 5} Hill pleaded guilty to one count of aggravated robbery and two counts of kidnapping, and to the firearm specifications accompanying each count. The trial court imposed a twenty-five-year prison term for the underlying felonies. It then added two consecutive three-year terms for the firearm specifications, which were also made consecutive to the terms for the aggravated robbery and one of the kidnappings. See Statev. Edmondson (1999), 86 Ohio St.3d 324, 328, 715 N.E.2d 131, 135.
{¶ 6} R.C. 2929.14(D)(1)(b) prohibits a trial court from imposing a prison term for more than one firearm specification "for felonies committed as part of the same act or transaction." "Same act or transaction" means a series of continuous acts bound together by time, space and purpose, and directed toward a single objective. See State v.Wills, 69 Ohio St.3d 690, 691, 1994-Ohio-417, 635 N.E.2d 370; see, also,State v. Anderson (Feb. 6, 1998), 1st Dist. No. C-950608 (both interpreting the precursor to R.C. 2929.14[D][1], former R.C. 2929.71[B]).
{¶ 7} Here, Hill committed the kidnappings and aggravated robbery in one continuous sequence of events. The offenses occurred simultaneously and clearly developed from a single criminal adventure. All the felonies were part of the same transaction within the meaning R.C. 2929.14(D)(1)(b). Therefore, Hill should have been sentenced to only one three-year term of actual incarceration. The first assignment of error is sustained.
{¶ 8} Hill next asserts that the trial court erred in imposing maximum terms of imprisonment for aggravated robbery and one count of kidnapping and in imposing consecutive sentences for all three felony counts, because it did not make the findings required to support the sentence. See R.C. 2929.14(C) and 2929.19(B)(2)(d); see, also, R.C.2953.08(A)(1).
{¶ 9} To impose a maximum sentence upon one who is not a major drug offender or a repeat violent offender, a trial court must find that the felon either had committed the "worst forms of the offense" or poses the greatest likelihood of recidivism. See R.C. 2929.14(C); see, also,State v. Lattimore, 1st Dist. No. C-010488, 2002-Ohio-723, at ¶ 26. A trial court imposing a maximum prison term must make the required findings and specify on the record its reasons supporting those findings. See R.C. 2929.19(B)(2)(d).
{¶ 10} A trial court may order multiple sentences to run consecutively where the court finds that the consecutive sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that he poses to the public. See R.C. 2929.14. Additionally, the court must find at least one of the following: (1) the offender was awaiting trial or sentencing on another offense, was under community control, or was under post-release control for a prior offense; (2) the harm caused was great or unusual and that no single prison term would adequately reflect the seriousness of the offender's conduct; or (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from further crime by him. When imposing consecutive sentences, the trial court must, pursuant to R.C. 2929.19(B)(2), make these findings and provide its reasons for imposing consecutive sentences.
{¶ 11} On the felony sentencing worksheet and in its sentencing colloquy, the trial court made the required findings and gave reasons that supported its sentencing decisions. The trial court noted that Hill had attempted to cause physical harm to the kidnapping victims, that he had twice previously served prison terms, that he had prior felony convictions, and that he used a firearm to effect these offenses. Hill's claim that the trial court's findings and reasons were insufficient to impose maximum and consecutive terms has no support in the record. See R.C. 2953.08(G)(2)(a). The assignment of error is overruled.
{¶ 12} As we have overruled the third assignment of error, the judgment of the trial court is affirmed as to the findings of guilt entered upon Hill's pleas. As we have overruled the second assignment of error, the twenty- five year prison term imposed for the three felony counts is affirmed. But, having sustained the first assignment of error, we vacate that portion of the sentence that imposed a second, consecutive three-year term of actual incarceration for the accompanying firearm specifications and remand this matter to the trial court so that it can correct its record in accordance with law and this Decision. See R.C.2953.08(G)(2)(b).
Sentence vacated in part and cause remanded
Doan, P.J., Hildebrandt and Gorman, JJ.