{¶ 1} Defendant-appellant, Randy Blackman, appeals a decision by the Lucas County Court of Common Pleas convicting him of: (1) one count of aggravated robbery, a violation of R.C. 2911.01(A)(1), a felony of the first degree, with a firearm specification (Count 1); (2) one count of felonious assault (knowingly causing or attempting to cause physical harm to another by means of a deadly weapon or dangerous ordnance), a violation of R.C. 2903.11(A)(2), a felony of the second degree, with a firearm specification (Count 2); and (3) six counts of felonious assault (knowingly causing or attempting to cause physical harm to a peace officer by means of a deadly weapon or dangerous ordnance, violations of R.C. 2903.11(A)(2), all felonies of the first degree, each count with a firearm specification with firearm specifications attached (Counts 1 through 8).
 {¶ 2} The trial court imposed the following sentences of imprisonment for appellant's convictions. On Count 1, the court imposed a five year sentence, plus a consecutive three year sentence for the firearm specification. On Count 2, appellant received a three year sentence, plus a consecutive three year sentence for the firearm specification. The trial court ordered that the sentences imposed in Count 2 are to be served concurrent to the sentences imposed in Count 1.
 {¶ 3} As to Counts 3 through 7, the trial court ordered that appellant spend five years in prison on each count to be served concurrent with each other but consecutive to the sentences imposed on Counts 1 and 2. In addition, the court imposed three years on each of those counts for each firearm specification to be served concurrently with each other, consecutive to the sentences ordered in Counts 1 and 2, and prior to and consecutive to the sentences in Counts 2, 3, 4, 5, 6, and 7. Finally, appellant received a sentence of five years imprisonment on Count 8. The court further sentenced appellant to three years in prison for the firearm specification in Count 8. This sentence is to be served prior to but consecutive with Count 8 and consecutive to Counts 1, 2, 3, 4, 5, 6, and 7.
 {¶ 4} Appellant appeals his sentences and asserts the following assignments of error:
 {¶ 5} "I. It constituted error to sentence appellant to consecutive prison terms without making the findings required by O.R.C.2929.14(E)(4) and without providing an explanation of reasons at the sentencing hearing as required by O.R.C. 2929.19(B)(2)(c)."
 {¶ 6} "II. It constituted error to impose multiple consecutive prison terms for firearm specifications involving separate counts of conviction, where only one firearm was involved and all offenses of conviction arose from a single continuous transaction."In his Assignment of Error No. I, appellant contends that the trial court failed to make statutorily required findings and reasons for imposing consecutive sentences at his sentencing hearing.
 {¶ 7} Consecutive sentences may be required by law under R.C.2929.14(E)(1),(2), and (3). In all other cases, including the case under consideration, the trial court must make certain findings before imposing consecutive sentences. R.C. 2929.14(E)(4) requires a court to expressly find: (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) the sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of the following: (a) the offenses were committed while the offender was awaiting trial or sentencing, or was otherwise under sanctions imposed for a prior offense; (b) the harm caused was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct; or (c) the offender's criminal history shows a need to protect the public from future acts by the offender.
 {¶ 8} The judge also is required to give reasons for selecting the imposition of consecutive sentences. R.C. 2929.19(B)(2)(c). In this court's jurisdiction, the sentencing court may articulate its findings and reasons orally at the sentencing hearing or in its judgment entry on sentencing. State v. Parks, 6th Dist. No. L-02-1180, 2003 Ohio 1624 at ¶ 18; State v. Windham, 6th Dist. No. E-01-015, 2003-Ohio-305 at ¶ 36; State v. Comer, 6th Dist. No. L-99-1296, 2002-Ohio-233, motion to certify record granted, 95 Ohio St.3d 1472, 2002 Ohio 2444. Thus, in this cause, our review of the record on the issue of the common pleas court's compliance with R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) will not be limited solely to the sentencing hearing.
 {¶ 9} First, we shall address the question of whether the trial court set forth the findings required for the imposition of consecutive sentences. The court's judgment entry reads, in pertinent part:
 {¶ 10} "Being necessary to fulfill the purposes of R.C. 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses and the Court FURTHER FINDS: defendant's criminal history requires consecutive sentences."
 {¶ 11} The purposes of R.C. 2929.11 are "to protect the public from future crime by the offender and others and to punish the offender." Although it may be more clearly understood for the entry to say that "consecutive sentences are necessary to protect the public from future crime or to punish the offender," the statutory reference to R.C. 2929.11
in the court's entry is adequate to satisfy R.C. 2929.14(E)(4).
 {¶ 12} In addition, at appellant's sentencing hearing, the trial judge provided his reasons for imposing consecutive sentences. The presentence investigation report and the prosecutor's statement made at the sentencing hearing reveal the following facts relevant to those reasons.
 {¶ 13} Appellant, who entered no contest pleas to and was found guilty of the first eight counts of his indictment, robbed a carryout, using his handgun to strike the store's clerk in the head before taking over $4,000. Appellant then left the carryout, intending to flee in an automobile driven by his girlfriend. However, his girlfriend had already left the scene. Appellant therefore went back into the carryout and forced the victim to give him the keys to the victim's motor vehicle. Appellant then left in the victim's car.
 {¶ 14} Subsequently, the stolen car was spotted by a sergeant in the Lucas County Sheriff's Department, who began to pursue the vehicle. He was joined by law enforcement units from the Toledo Police Department and the Ohio State Highway Patrol. The sergeant reported that during the ensuing police pursuit, appellant fired several shots at him. The presentence investigation report also states that appellant fired five more shots at police officers in the course of the pursuit.
 {¶ 15} After appellant abandoned the vehicle and fled on foot, he turned and fired two more shots at officers who were chasing him. One of the officers, the sergeant, returned fire; one bullet struck appellant in the foot. Appellant then ran onto the porch of a residence and attempted to gain entry. At this point, he discharged his gun again. However, when he tried to fire again, the gun jammed, appellant threw it on the porch, and he was apprehended.
 {¶ 16} At the sentencing hearing, the trial judge first observed that he had read the presentence investigation report. He noted that appellant committed "pretty serious offenses" and that by firing a number of shots, appellant was "subjecting people to a murder case." The court stated that appellant placed the police officers' lives in jeopardy, his own life in jeopardy, and the clerk's life in jeopardy. The judge also took appellant's prior criminal record, which included convictions for voluntary manslaughter, robbery and forgery, and his addiction to crack cocaine into account. Based on the foregoing, we conclude that the trial court complied with R.C. 2929.19(B)(2)(c) by providing reasons for the imposition of consecutive sentences. Accordingly, appellant's Assignment of Error No. I is found not well-taken.
 {¶ 17} Appellant's Assignment Of Error No. II claims that the trial court committed error in sentencing him to serve three actual consecutive sentences on the eight firearm specifications because only one firearm was used in a single, continuous transaction, specifically, an aggravated robbery.
 {¶ 18} As applicable to the case under consideration, R.C.2929.14(D)(1)(a)(ii) allows the imposition of a mandatory three year term of imprisonment on a firearm specification. This prison term must be served consecutive to and prior to the prison term imposed for the underlying felony. R.C. 2929.14(E)(1).
 {¶ 19} Nevertheless, R.C. 2929.14(D)(1)(b) prohibits imposition of an actual (three year) prison term for more than one firearm specification for felonies that are committed as part of the "same act or transaction." "Same act or transaction" for purposes of R.C.2929.14(D)(1)(b) means a series of continuous acts bound together by time, space and purpose, and which are directed toward a single objective. State v. Woodson (April 14, 2000), Lucas App. No. L-98-1235, citing State v. Wills (1994), 69 Ohio St.3d 690, 1994-Ohio-417. While the definition of "same act or transaction" is deceptively simple, it is not always easily applied. Woodson, supra.
 {¶ 20} As noted above, the trial judge in the case sub judice sentenced appellant to serve three prison terms of three years each, rather than one prison term of three years, on the firearms specifications. For the following reason, we find no error in this sentence.
 {¶ 21} According to the presentence investigation report, appellant's conviction on Count 1 resulted from the aggravated robbery, and his conviction on Count 2 stemmed from the felonious assault of the carryout clerk that occurred during the course of the robbery. The firearm specifications for these two felonies occurred at the same time, in the same location and were directed toward a single objective — robbing the carryout of over $4,000. Therefore, the trial court did not err in imposing one actual, three year, consecutive sentence for the firearm specifications on these two counts.
 {¶ 22} Per the presentence investigation report, Counts 4 through 8 were based on the felonious assaults on law enforcement officers during the motor vehicle pursuit. Here, the robbery was completed before the pursuit commenced. The location, the city streets, where appellant used the firearm was different. Further, appellant's purpose, to repel the officers, and his sole objective, to escape from the police, were distinct from the purpose and objective of the aggravated robbery. Consequently, the use of the firearm in these felonious assaults was not part of the same act or transaction as the aggravated robbery and felonious assault for which appellant was convicted in Counts 1 and 2. Thus, we find no problem with the imposition of a second consecutive sentence for the firearm specifications in Counts 4 through 8 that is separate from Counts 1 and 2.
 {¶ 23} Finally, appellant was convicted for felonious assault on Count 3 for firing his weapon at the sergeant of Lucas County Sheriff's Department. This occurred after appellant abandoned his vehicle and was being pursued on foot by the sergeant and another officer. Again, this happened in a different location, a residential neighborhood, and there was a break in time, that is, it did not occur during the vehicle pursuit or the aggravated robbery. Although appellant's purpose and objective here was also to repel the police and escape apprehension, it was directed at specific victims, the sergeant and another officer. Accordingly, it was a different act or transaction than those specified in either Counts 1 and 2 or Counts 4 through 8. Therefore, for the purposes of the imposition of an actual prison term for the firearm specification for the felony in Count 3, the common pleas court correctly imposed a separate three year sentence.
 {¶ 24} Appellant's Assignment of Error No. II is found not well-taken.
 {¶ 25} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair hearing, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
 JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and Judith Ann Lanzinger, J. CONCUR.