JOURNAL ENTRY and OPINION
{¶ 1} In connection with his involvement in an armed bank robbery, defendant Andrew Hackett pleaded guilty to two counts of attempted aggravated murder, one count of aggravated robbery, one count of felonious assault, and one count of kidnapping. The counts all contained one and three-year gun specifications. The court merged the one and three-year sentences on the gun specifications for the attempted aggravated murder counts. It then sentenced Hackett to five years concurrent time on the attempted aggravated murder counts. The court also merged the one and three-year gun specifications on the remaining counts. It then ordered Hackett to serve the three years consecutive to five year terms on the remaining counts. The remaining counts were ordered to be served consecutive to the attempted aggravated murder counts. All told, Hackett received 16 years: six years mandatory time on two sets of gun specifications (to be served prior to any other time) and 10 years on the two five-year consecutive terms. On appeal, he complains that the court should have merged all of the gun specifications, and that it failed to make proper findings for imposing consecutive terms.
 {¶ 2} Hackett first argues that the court should have merged the sentences on all of the gun specifications into a single, three-year term, rather than break them up into two groups relating to the attempted aggravated murder counts and the remaining counts of the indictment.
 {¶ 3} During sentencing, the court learned from the victims that Hackett and his accomplices entered a bank, pistol-whipped the bank manager and held seven customers at gunpoint while they robbed the bank. When Hackett and his accomplices left the bank, police officers confronted him and the accomplices. Hackett and his accomplices opened fire against the police officers as they tried to flee the scene. The court stated that it found "the course of conduct in the bank separate as a course of conduct from what happened with the officers."
 {¶ 4} R.C. 2929.14(D)(1)(b) prohibits imposition of prison terms for more than one firearm specification for felonies that are committed as part of the "same act or transaction." Same act or transaction means a series of continuous acts bound together by time, space and purpose, and directed toward a single objective. State v. Wills, 69 Ohio St.3d 690, 1994-Ohio-417.
 {¶ 5} The court did not err by finding that two separate courses of conduct occurred that would justify a refusal to merge the gun specifications. The use of guns to terrorize bank customers and employees during the commission of the bank robbery is directed at a different purpose than using the guns to fire on officers in an attempt to escape after the completion of the robbery. Although the events described above took less than five minutes to transpire, the short period of time alone is not dispositive of the issue. The appearance of the police constituted an intervening factor from the actual robbery itself, thus prompting a new series of actions designed to permit a getaway.
 1. II {¶ 6} Hackett next argues that the court failed to make the required findings for imposing consecutive sentences because it failed to consider whether the sentences were proportionate with sentences imposed on other offenders.
 {¶ 7} When imposing consecutive prison sentences, the court must make findings that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that either the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct or that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C.2929.14(E)(4). Moreover, the court must state its reasons for making these findings. See R.C. 2929.19(B)(2)(c).
 {¶ 8} The court found that Hackett posed "a risk to the community," that consecutive sentences were justified based on "those two courses of conduct," and that it needed to "protect the public in the future." Standing alone, these findings are only marginally in compliance with the court's statutory mandate, and that is simply because we recognize that the court has no duty to use "magic words" when imposing consecutive sentences. But when we consider that the court did not set forth any reasons for making those findings, we believe the findings become marginalized beyond our ability to affirm them. The better course is to remand the sentence so that the court can make more explicit findings, and give specific reasons for those findings.
 1. III {¶ 9} Finally, Hackett argues that the court failed to make a finding that his sentences were consistent with those of other offenders, including those of his accomplices. Hackett points out that he aided the federal authorities in prosecuting his accomplices, yet some of them received shorter sentences than he did.
 {¶ 10} R.C. 2929.11(B) requires the court to impose a sentence for a felony that is reasonably calculated to protect the public and punish the offender, yet be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." The concept of proportionality described in R.C. 2929.11(B) is meant to encourage consistency in sentencing, yet not tie the hands of the sentencing judge when circumstances warrant flexibility. Indeed, the Ohio Sentencing Commission expressly rejected:
 {¶ 11} "(a) purely indeterminate sentences, which can foster rehabilitation and encourage good behavior, but provide no certainty for the victim or offender; (b) purely determinate sentences, which can provide for certainty, but no opportunity to control behavior after release from prison and provides little motivation for good prison behavior; (c) a federal-style matrix grid, which can provide certainty, but may shift sentencing discretion from the judges to prosecutors and parole officers; and (d) Ohio's former mixture of indeterminate, determinate, and mandatory approach, which is confusing and complicated."
 {¶ 12} See Comment: Ohio's New Sentencing Guidelines: a "Middleground" Approach to Crack Sentencing (1996), 29 Akron.L.Rev. 607, 634, fn.150.
 {¶ 13} The use of the term "consistent" in R.C. 2929.11(B) is not meant to convey that all sentences for a particular offense be equal to that in other cases — had that been the case, Ohio would not have rejected the use of the grid approach employed by the federal courts. At the risk of putting too fine a point on the matter, consistency is meant to forbid a life sentence to the hungry offender who steals a loaf of bread with which to feed a starving family.
 {¶ 14} None of these concerns for proportionality are present in this case. Hackett participated in armed bank robbery which resulted in a shootout with the police. That his accomplices might have received slightly lighter sentences in the federal court system is of no moment. The court correctly noted that it was not bound by the federal sentencing guidelines. And its refusal to consider those ancillary sentences did not amount to proof that it failed to consider whether Hackett received a sentence in proportion to his accomplices. Given the facts and circumstances outlined during sentencing, we cannot say that the court meted out a sentence out of proportion to the crime.
 {¶ 15} Judgment affirmed in part, reversed in part and remanded for resentencing.
 {¶ 16} This cause is affirmed in part, reversed in part and remanded for resentencing for further proceedings consistent with this opinion.
It is ordered that the parties bear their own costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., Concurs.
 Sweeney, j, concurs with separate opinion.