JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Defendant-appellant, Jeffrey Donahue ("defendant"), challenges the seven-year prison sentence imposed on him by the trial court for involuntary manslaughter and leaving the scene of the accident. Following recent precedent from the Ohio Supreme Court, we vacate the sentence and remand for resentencing.
 {¶ 3} The trial court imposed more than the minimum sentence on defendant pursuant to the provisions of R.C. 2929.14(B), which the Ohio Supreme Court has since declared unconstitutional and excised from the statutory scheme. State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, ¶¶ 1-4, applying United States v.Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621;Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403; and Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.
 {¶ 4} Although defendant does not expressly cite toBlakely, his sole assignment of error depends on a statutory provision that has been excised from the law by the Ohio Supreme Court in Foster. Specifically, defendant maintains that the trial court erred by imposing greater than the minimum sentence for a first-time offender under the former provisions of R.C.2929.14(B).
 {¶ 5} We note that "trial courts [now] have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, at paragraph 7 of the syllabus; State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph 3 of the syllabus. Nonetheless, defendants that were sentenced under unconstitutional and now void statutory provisions must be resentenced. Foster, 2006-Ohio-856, ¶¶ 103-106.
 {¶ 6} Although we remand the case for resentencing, we nevertheless agree with the State that the original record by the trial court fully outlines the basis for the underlying sentence and that the original sentence falls within the statutory parameters outlined by the legislature.
 {¶ 7} Pursuant to the mandates of Foster, we sustain defendant's assignment of error, vacate defendant's sentence, and remand this matter to the trial court for resentencing.
Sentence vacated; case remanded for resentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Sentence vacated and case remanded for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, J., and Mary Eileen Kilbane, J., concur.