{¶ 1} In State v. Walker, Cuyahoga County Court of Common Pleas Case No. CR-455849, applicant was convicted of "various counts of rape, attempted rape, kidnapping and gross sexual imposition." State v.Walker, Cuyahoga App. No. 87677, 2006-Ohio-6188, at ¶ 1. This court affirmed that judgment of conviction but vacated Walker's sentence and remanded the case to the court of common pleas for further proceedings. Cuyahoga App. No. 87677, supra. Walker did not appeal to the Supreme Court of Ohio.
 {¶ 2} On February 23, 2007, Walker filed with the clerk of this court a "motion for App.R. 26(A) reconsideration, motion for App.R. 26(B) reopening, motion for ineffective assistance of appellant counsel." In that filing, Walker asserts that he was denied the effective assistance of appellate counsel because, on direct appeal, this court rejected the third assignment of error on the ground that appellate counsel did not cite any authority in support of that assignment of error. Cuyahoga App. No. 87677, at ¶ 10, et seq.
 {¶ 3} On April 12, 2007 and April 19, 2007, Walker filed motions for reopening and for reconsideration. The April 19, 2007 motion for reopening and for reconsideration is nearly verbatim the motion for resentencing and/or correct sentence which Walker filed on April 12, 2007. The April 12 and April 19 filings challenge the propriety of Walker's resentencing. Walker contends that, because he was convicted of conduct which occurred before the Supreme Court decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, his being resentenced in *Page 4 
conformity with Foster constitutes an "ex post facto" application of a judicial decision.
 {¶ 4} In a May 25, 2007 filing captioned "motion for ineffective assistance of counsel, motion for reconsideration App.R. 26A, motion for reopening App.R. 26B," Walker complains regarding his trial counsel who represented him at his resentencing. The trial court docket reflects that the resentencing occurred on March 13, 2007 and an appeal of the resentencing is currently pending. State v. Walker, Cuyahoga App. No. 89799. (Walker's original application for reopening in this case was filed on February 23, 2007.) Obviously, App.R. 26(B) reopening is only appropriate after the court of appeals has entered judgment on the direct appeal. See App.R. 26(B)(1).
 {¶ 5} We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
 {¶ 6} Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
 {¶ 7} The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." App.R. 26(B)(1). *Page 5 
See, e.g., State v. Gumm, 103 Ohio St.3d 162, 2004-Ohio-4755,814 N.E.2d 861; State v. LaMar, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970.
 {¶ 8} This court's decision affirming applicant's conviction was journalized on December 4, 2006. Although Walker's initial filing on February 23 is timely, his April 12 and April 19 filings are clearly untimely and Walker makes no attempt to establish good cause for the untimely filings. Walker's failure to demonstrate good cause is a sufficient basis for denying the April 12 and April 19 applications for reopening.
 {¶ 9} We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that Walker has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). InState v. Spivey, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant.
 "In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal."
Id. at 25. Walker cannot satisfy either prong of the Strickland test. We must, therefore, deny the application on the merits. *Page 6 
 {¶ 10} In his February 23 application for reopening, Walker complains that his appellate counsel was ineffective because appellate counsel did not support the third assignment of error on direct appeal. [In the third assignment of error, appellate counsel asserted that the trial court erred by failing to instruct the jury regarding a victim or dates with respect to three counts in the indictment.] Yet, in his application for reopening, Walker does not provide this court with any controlling authority requiring reversal of his conviction on those three counts. He has failed, therefore, to demonstrate either a deficiency on the part of appellate counsel or prejudice.
 {¶ 11} We must also reject Walker's contention in his April 12 and April 19 filings that the trial court's having resentenced him underFoster requires that this court either resentence him or remand his case to the court of common pleas for resentencing. Walker contends that, because his case antedates Foster, his being resentenced in conformity with Foster constitutes an "ex post facto" application of a judicial decision. Yet, this court has already determined that "Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime * * *."State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, at ¶ 47. Again, Walker has not presented any controlling authority supportive of his position.
 {¶ 12} Walker's request for reopening is also barred by res judicata. "The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See, generally,State v. Perry (1967), 10 Ohio St.2d 175, 22 N.E.2d 104, *Page 7 
paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred byres judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 66,584 N.E.2d 1204." State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 {¶ 13} Walker did not appeal this court's decision to the Supreme Court of Ohio.
 "The issue of whether appellate counsel provided effective assistance must be raised at the earliest opportunity to do so. State v. Williams (1996), 74 Ohio St.3d 454, 659 N.E.2d 1253. In this case, applicant possessed an earlier opportunity to contest the performance of his appellate counsel in a claimed appeal of right to the Supreme Court of Ohio. Applicant did not appeal the decision of this court to the Supreme Court of Ohio and has failed to provide this court with any reason for not pursuing such further appeal and/or why the application of res judicata may be unjust. Accordingly, the principles of res judicata prevent further review. State v. Borrero (Apr. 29, 1996), Cuyahoga App. No. 69289, unreported, reopening disallowed (Jan. 22, 1997), Motion No. 72559."
State v. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, reopening disallowed (Apr. 7, 2000), Motion No. 13465, at 6. See also State v.Cvijetinovic, Cuyahoga App. No. 81534, 2003-Ohio-563, reopening disallowed, 2005-Ohio-380, at ¶ 4. Walker has not provided this court with an adequate explanation as to why the application of res judicata would be unjust. As a consequence, res judicata provides a sufficient basis for denying Walker's application for reopening.
 {¶ 14} Walker has also sought reconsideration under App.R. 26(A). App.R. 26(A) and Loc.App.R. 22(E) require that an application for reconsideration be filed within ten days of the announcement of decision. Clearly, Walker's filings seeking *Page 8 
App.R. 26(A) reconsideration are untimely and we must deny his requests for reconsideration. See, e.g., State v. Maxwell (May 23, 2001), Cuyahoga App. No. 79543, reopening disallowed (Sept. 5, 2001), Motion No. 331059 [direct appeal dismissed upon denial of a motion for leave to file delayed appeal], at 2-3.
 {¶ 15} As indicated above, Walker has not met the standard for reopening. Accordingly, the application for reopening is denied.
 MARY EILEEN KILBANE, P.J., and ANN DYKE, J., CONCUR *Page 1