{¶ 1} Damien Peterson has filed a timely application for reopening pursuant to App.R. 26(B). Peterson is attempting to reopen the appellate judgment that was rendered in State v. Peterson, Cuyahoga App. No. 88248, 2007-Ohio-543, which affirmed his conviction for the offenses of aggravated robbery, felonious assault, and having weapons while under disability, but modified the sentence and remanded for correction of the sentencing entry. We decline to reopen Peterson's appeal.
 {¶ 2} The doctrine of res judicata prevents this court from reopening Peterson's appeal. Errors of law that were previously raised through an appeal are barred from further review based upon the operation of res judicata. See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104. The Supreme Court of Ohio has also established that a claim of ineffective assistance of counsel will be barred by the doctrine of res judicata, unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
 {¶ 3} In the case sub judice, Peterson has raised two proposed assignments of error in support of his application for reopening. Peterson's two proposed assignments of error involve the issues of ineffective assistance of trial counsel based upon the failure to impeach the victim, and insufficient evidence to support his conviction for having weapons while under disability. *Page 4 
 {¶ 4} Peterson filed an appeal with the Supreme Court of Ohio and raised four propositions of law, which involved the issues of sufficiency of the evidence, manifest weight of the evidence, prosecutorial misconduct, and ineffective assistance of trial counsel. On September 26, 2007, the Supreme Court of Ohio denied Peterson leave to appeal and dismissed his appeal on the basis that it did not involve any substantial question. See State v. Peterson,___Ohio St.3d___,2007-Ohio-4884. Because the issues presently argued by Peterson were raised or should have been raised on appeal before the Supreme Court of Ohio, res judicata bars any further litigation of the issues. State v.Dehler, 73 Ohio St.3d 307, 1995-Ohio-320, 652 N.E.2d 987; State v.Terrell, 72 Ohio St.3d 247, 1995-Ohio-54, 648 N.E.2d 1353, State v.Crotts, Cuyahoga App. No. 81477, 2006-Ohio-1099, reopening disallowed (Mar. 6, 2006), Motion No. 376246; State v. Loyed, Cuyahoga App. No. 83075, 2004-Ohio-3961, reopening disallowed (Apr. 27, 2005), Motion No. 365802; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 1996), Motion No. 71793. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State v. Dehler, supra; State v.Terrell, supra.
 {¶ 5} Notwithstanding the operation of the doctrine of res judicata, consideration of Peterson's two proposed assignments of error would not have resulted in a reversal of his conviction for the offenses of aggravated robbery, *Page 5 
felonious assault, and having weapons while under disability. Peterson has failed to demonstrate that the testimony of the victim at trial was patently inconsistent with the testimony offered at an Adult Parole Authority hearing, which required trial counsel to impeach the victim with his prior testimony. In addition, sufficient evidence was adduced at trial to support his conviction for the offense of having weapons while under disability. Peterson has failed to demonstrate that his appellate counsel was deficient for failing to raise the issues he now presents and has also failed to demonstrate that had he presented those issues on appeal, there was a "reasonable probability" that he would have been successful. See App.R. 26(B). Peterson has failed to demonstrate a "genuine issue" as to whether he possesses a "colorable claim" of ineffective assistance of appellate counsel. State v.Spivey, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696; State v.Reed, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456; State v.Walker, Cuyahoga App. No. 87677, 2007-Ohio-2917.
Application for reopening is denied.
 KENNETH A. ROCCO, J., and MELODY J. STEWART, J., CONCUR *Page 1