JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Dwight Whatley appeals from his resentencing ordered by this court in State v. Whatley, Cuyahoga App. No. 86267,2006-Ohio-2465, due to violations of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. His two assignments of error complain that the court erred by applying the sentencing statutes retroactively and failing to merge multiple, three-year firearm specifications. We find no constitutional violation from the resentencing, nor do we find that the court erred by failing to merge the sentences for the firearm specifications.
 {¶ 2} A jury found Whatley guilty of four counts of aggravated murder; two counts of attempted aggravated murder; two counts of aggravated burglary; six counts of aggravated robbery; and three counts of kidnapping. The counts all contained firearm specifications. At resentencing, the court merged two of the four aggravated murder counts, the two attempted aggravated murder counts, the two aggravated burglary counts, and three of the six aggravated robbery counts. It then reimposed the same sentence it originally gave Whatley: life in prison without the possibility of parole on the aggravated murder counts; 10 years on the attempted aggravated murder counts; 10 years on the aggravated burglary counts; 10 years on the kidnapping counts; and 10 years on the aggravated robbery counts. The two life sentences without parole and the 10-year sentence on the attempted aggravated murder counts were ordered to be served consecutively. The remaining 10 year sentences were ordered to be served consecutive to each other, but concurrent with *Page 3 
the life sentences. Ten three-year firearm specifications, corresponding to each of the 10 total counts which were subject to sentence, were ordered to be served consecutive to each other, and prior to, all other sentences, for a total of 30 years.
 I {¶ 3} In his first assignment of error, Whatley complains that the court deprived him of due process by retroactively applying changes to the sentencing law when resentencing him. He argues that his conduct predated the supreme court's decision in Foster, and that retroactive severance of statutory presumptions relating to minimum and concurrent sentences violates ex post facto presumptions inherent in the Due Process Clause of the Fourteenth Amendment.
 {¶ 4} Whatley candidly admits that this court has rejected the ex post facto argument he asserts, citing to State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, as contrary authority for his argument. We have repeatedly reaffirmed Mallette, and see no reason to deviate from its holding. Whatley's first assignment of error is overruled.
 II {¶ 5} For his second assignment of error, Whatley complains that the court erred by failing to merge the gun specifications for sentencing. He argues that the firearm specifications arose from the same act or transaction.
 {¶ 6} As applicable here, R.C. 2929.14(D)(1)(a)(ii) requires the court to impose a three-year sentence "if the specification is of the type described in section *Page 4 
2941.145 [2941.14.5] of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense * * *." An exception to this requirement is set forth in R.C. 2929.14(D)(1)(b), which states that "[a] court shall not impose more than one prison term on an offender under division (D)(1)(a) of this section for felonies committed as part of the same transaction."
 {¶ 7} In State v. Wills, 69 Ohio St.3d 690, 691, 1994-Ohio-417, the supreme court defined the term "transaction" as a "series of continuous acts bound together by time, space and purpose, and directed toward a single objective."
 {¶ 8} Whatley's assignment of error arguably fails to comply with App.R. 16(A) because it does not mention any facts relating to his convictions. Moreover, he did not include a transcript of the trial as part of the record on appeal. Nevertheless, we take notice of the panel's recitation of facts in State v. Whatley, ¶ 4-10:
 {¶ 9} "Whatley's convictions result from an incident that occurred on the night of March 18, 2004 at a combination delicatessen/convenience store with a connected residence located at the corner of East 79th Street and Central Avenue in Cleveland, Ohio. The store owner, Arman Howard Lovett, his live-in girlfriend, Carolyn Pitts, and their employee-boarder, Jeffrey Burton, all were present on the premises. *Page 5 
 {¶ 10} "Pitts worked that night at the store counter when she took a food order for a young man later identified as Daniel Grant. While she prepared the order, she noticed that Grant left. Grant returned a few minutes later in the company of four other men, one of whom was Whatley; Pitts knew Whatley as `Fats.'
 {¶ 11} "Pitts started a conversation with Whatley as she finished preparing Grant's sandwich, but her remarks were interrupted when one of the others called out an order for `everybody [to] put your hands up.' She looked up to see that the three other men had donned ski masks, and that they, Grant and Whatley all held guns in their hands. Whatley carried a shotgun.
 {¶ 12} "The five men gathered Pitts, Lovett and Burton and forced the captives out to the patio area of the premises, where they each were laid on the ground to be bound hand and foot with duct tape. Pitts had a coat placed over her head. Thereafter, she heard some of the assailants running; they sought valuables in the store and the residence, since one of them demanded of Lovett the location of keys and the combination to a safe.
 {¶ 13} "In spite of Lovett's apparent compliance, Whatley urged Pitts to tell him where Lovett kept all his money. He emphasized his sincerity by firing his shotgun into the concrete floor. Since he appeared to be the leader of the group, Pitts told him Lovett did not have much money, and asked him to spare her life. Whatley replied without emotion that he had to kill her because she recognized him. *Page 6 
 {¶ 14} "Eventually, all of the captives were removed to the basement of the residence. As they lay on the floor, one of the assailants wondered `What [they were] going to do with them?' Someone answered, `Let's just do them.'
 {¶ 15} "From under the fabric that had been placed haphazardly over her head, Pitts saw one of the masked men use a steak knife to slice at Burton's throat. When that method did not succeed in killing Burton, another man fired a bullet into his head; Lovett also was murdered with one shot in the head. Observing these shootings, Pitts placed her hands over her head before her turn came. Although she felt a shot strike her, the bullet's force became dissipated as it passed through her hand, the fabric, and her skull; thus, Pitts did not receive a fatal wound."
 {¶ 16} We conclude that the charged offenses were not continuous acts bound together by time and purpose toward the single objective of robbing the store. The burglaries, kidnappings, murders and attempted murder were committed separate in time from the initial robbery, as Whatley twice moved the victims from the store, bound them and terrorized them before killing them. These acts were not only unrelated to the commission of the robbery, they were unnecessary for furthering the commission of the robbery. It follows that the guns used in the commission of these offenses were likewise not used for a singular purpose. The court did not err by sentencing Whatley separately on the firearm specifications. The assignments of error are overruled.
 Judgment affirmed. *Page 7 
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1