JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jeffrey Donahue, appeals from the common pleas court order resentencing him after remand. Donahue raises one assignment of error for review. For the reasons stated below, we affirm.
 {¶ 2} This is the third appeal of this case to this court. The facts are set forth at length in State v. Donahue, Cuyahoga App. No. 89111,2007-Ohio-6825. Briefly stated, Donahue was indicted on May 20, 2005 on two counts of involuntary manslaughter, one count of failure to stop after an accident, one count of unauthorized use of a motor vehicle, and one count of aggravated vehicular homicide. On July 14, 2005, Donahue pled guilty to one count of involuntary manslaughter in violation of R.C. 2903.04(A) and one count of failure to stop after an accident in violation of R.C. 4549.02(A). The remaining counts were nolled.
 {¶ 3} On November 18, 2005, the trial court sentenced Donahue to seven years on the involuntary manslaughter charge and three years for the failure to stop after an accident charge. Both sentences were to run concurrently. Donahue filed an appeal, challenging the seven-year prison sentence imposed on him by the trial court.
 {¶ 4} This court vacated his sentence and remanded the matter for resentencing in accordance with State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856 because the trial court made judicial fact-findings pursuant to R.C. 2929.14(B), *Page 4 
which the Ohio Supreme Court declared unconstitutional and excised from the statutory scheme. See State v. Donahue, Cuyahoga App. No. 87071,2006-Ohio-3321, at ¶ 3. Nevertheless, we "agreed with the State that the original record by the trial court fully outlined the basis for the underlying sentence and that the original sentence fell within the statutory parameters outlined by the legislature." Id. at ¶ 6.
 {¶ 5} On November 6, 2006, the trial court held a resentencing hearing. Donahue, through his counsel, argued that the initial sentence was harsh and requested that the court impose a sentence of less than five years. After taking into account the factors considered during the initial sentence and the fact that Donahue had availed himself of the various rehabilitative programs in prison, the trial court modified the initial sentence and imposed a sentence of six years imprisonment on the involuntary manslaughter charge and three years for the failure to stop after an accident charge. The sentences were to run concurrently, with credit for time served.
 {¶ 6} Donahue filed another appeal, contending that the "trial court erred in imposing more than the minimum sentence, and that his sentence was inconsistent with sentences imposed against similar defendants in similar cases." State v. Donahue, Cuyahoga App. No. 89111,2007-Ohio-6825, at ¶ 12. We overruled Donahue's sole assignment of error, holding that the "trial court did not err in imposing more than the minimum sentence because each sentence *Page 5 
was within the statutory range set forth in R.C. 2929.14." Id. at ¶ 15. Furthermore, we noted that "simply pointing out an individual or series of cases with different results will not necessarily establish a record of inconsistency." Id. at ¶ 16, citing State v. Georgakopoulos, Cuyahoga App. No 81934, 2003-Ohio-4341.
 {¶ 7} Nonetheless, we vacated Donahue's sentence and remanded the matter to the trial court for resentencing because the trial court failed to inform Donahue of his suspended driver's license, and failed to incorporate into the record the terms and conditions of his postrelease control. Id. at ¶ 18, 21. The trial court held a second resentencing hearing on January 22, 2008. Donahue, through his counsel, argued that the license suspension exceeded the statutory maximum and that his resentence was harsh. He requested that the court impose a sentence of either four or five years.
 {¶ 8} The trial court stated in its journal entry that it had considered all required factors of the law and that it finds that prison is consistent with the purpose of R.C. 2929.11. The court again imposed a term of imprisonment of six years on the involuntary manslaughter charge and three years for the failure to stop after an accident charge to be served concurrently. Furthermore, the court reduced the terms of the license suspension which was initially 10 years to the maximum time of three years as permitted under R.C. 4549.02 because the indictment did not indicate that the predicate offense was alcohol related. *Page 6 
Additionally, the trial court informed Donahue that he was subject to postrelease control for five years, and clearly advised him of the terms and conditions of the postrelease control. Donahue now appeals this sentence, assigning the following error for review:
 {¶ 9} "THE SENTENCE IMPOSED MUST BE THREE YEARS, REPRESENTING CONCURRENT TERMS OF THREE YEARS IMPRISONMENT FOR INVOLUNTARY MANSLAUGHTER AND ONE YEAR IMPRISONMENT FOR LEAVING THE SCENE OF AN ACCIDENT."
 {¶ 10} Donahue argues that Foster should not apply to his case because his offense predated the Foster decision. He claims that a retroactive application of Foster violates his due process rights under the Fourteenth Amendment and Article II, Section 28 of the Ohio Constitution. According to Donahue, since the General Assembly cannot retroactively eliminate Ohio's presumption in favor of minimum and concurrent terms of imprisonment, the Ohio Supreme Court is also precluded from doing so.
 {¶ 11} Donahue acknowledges that this court has repeatedly rejected this argument. See State v. Mallette, Cuyahoga App. No. 87984,2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1439,2007-Ohio-5567. Nonetheless, he requests that we overruleMallette and its progeny.
 {¶ 12} The Ohio Supreme Court has recognized that "any issue that could have been raised on direct appeal and was not is res judicata and not subject to *Page 7 
review in subsequent proceedings." State v. Saxon, 109 Ohio St.3d 176,2006-Ohio-1245, at ¶ 16. See, also, State v. Walker, Cuyahoga App. No. 87677, 2007-Ohio-2917, at ¶ 12, citing State v. Perry (1967),10 Ohio St.2d 175, at paragraph nine of the syllabus. With regard toFoster resentencing cases, this court, as well as other appellate districts, has refused to consider issues that should have or could have been raised in the first direct appeal. See State v. Harrison, Cuyahoga App. No. 88957, 2007-Ohio-3524. See, also, State v. McLeod, III, Jefferson App. No. 07-JE-17, 2008-Ohio-3405, at ¶ 16. In his previous appeal, Donahue challenged his sentence, but failed to raise any of the issues identified in his current assignment of error. Under the doctrine of res judicata, he is now barred from raising any of these issues which could have been raised in the previous appeal.
 {¶ 13} Moreover, as Donahue acknowledged, we have repeatedly rejected arguments on whether Foster violates an appellant's due process rights or the ex post facto clause. See State v. Crim, Cuyahoga App. No. 90222,2008-Ohio-3805. See, also, State v. Whatley, Cuyahoga App. No. 89234,2008-Ohio-225; State v. Dowell, Cuyahoga App. No. 88864, 2007-Ohio-5534;State v. Mallette, supra. We see no reason to depart from our previous decisions. Thus, Donahue's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed. *Page 8 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and ANN DYKE, J., CONCUR *Page 1