[Cite as *State v. Shabazz*, 2011-Ohio-4631.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
#### No. 95021

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KAREEM SHABAZZ

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-532608
Application for Reopening
Motion No. 446745

**RELEASE DATE:** September 14, 2011

FOR APPELLANT

Kareem Shabazz, Pro Se
Inmate No. 590-579
Toledo Correctional Institution
2001 E. Central Avenue
Toledo, OH 43608


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY:   T. Allan Regas
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113


MELODY J. STEWART, P.J.:

{¶ 1}   On August 9, 2011, the applicant, Kareem Shabazz, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Kareem Shabazz*, 8th Dist. No. 95021, in which this court affirmed Shabazz's convictions for receiving stolen property and having a weapon under disability.   Shabazz argues that his appellate counsel was ineffective for failing to argue that his conviction for having a weapon under disability was obtained on insufficient evidence.   For the following reason, this court denies the application to reopen.

**{¶ 2}** The Grand Jury indicted Shabazz and a codefendant, David Merritt, on various counts arising from a burglary of a home in Maple Heights, Ohio and a robbery of a Dollar General store in the same city; both events occurred on April 21, 2009. The indictments against Shabazz included a count of receiving stolen property from the burglary and having a weapon under disability from the robbery. Shabazz elected to have the trial judge try the weapon charge and a jury the other charges.

**{¶ 3}** The evidence at trial showed that various items, including rare coins, were stolen from the home. On April 22, 2009, Shabazz tried to sell some of the rare coins to the Bedford Jewelry and Coin store. Because the owner of the coins had told the shop owner of the burglary, the shop owner was able to alert the police who came and arrested Shabazz. A subsequent inventory search of Shabazz's car revealed other items that had been stolen from the home.

**{¶ 4}** Merritt agreed to testify against Shabazz in exchange for a total prison sentence of 18 months. He testified that Shabazz had enlisted his help to rob a store and that Shabazz gave him a shotgun which they used during the robbery of the Dollar General store.

**{¶ 5}** The jury found Shabazz guilty of one count of receiving stolen property and found him not guilty of all other charges. The judge found him guilty of having a weapon under disability.

{¶ 6} On appeal, Shabazz argued speedy trial and manifest weight of the evidence errors. This court rejected both arguments. On the weapons charge, this court reasoned as follows: "As it relates to Shabazz's conviction for having weapons while under disability, regardless of whether Merritt's overall testimony was suspicious, the trial court at least believed Merritt's testimony that Shabazz had a shotgun and gave it to him to use in the robbery. *** (Citation omitted.) This possession by Shabazz is enough to convict him of having a weapon while under disability." ¶51.

{¶ 7} This ruling answers Shabazz's contention that there was insufficient evidence. Generally, "a finding that a conviction was supported by the manifest weight of the evidence necessarily includes a finding of sufficiency." *State v. Peterson*, 8th Dist. No. 88248, 2007-Ohio-5712, ¶19; *State v. Thompson*, 78 Ohio St.3d 380, 388, 1997-Ohio-52, 678 N.E.2d 541; and *State v. Krzywkowski*, 8th Dist. No. 80392, 2002-Ohio-4438, reopening disallowed, 2003-Ohio-3209, ¶16. Therefore, this court has already ruled that there was sufficient evidence to convict Shabazz on the weapon under disability charge, and his appellate counsel was not ineffective for not raising the issue.

{¶ 8} Accordingly, this court denies the application to reopen.

---

MELODY J. STEWART, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR