JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant James Avery ("Avery") appeals his conviction and sentence for arson and robbery. Finding no merit to the appeal, we affirm.
 {¶ 2} This appeal involves two criminal cases. In Case No. CR-433826, Avery was charged with one count of arson of an automobile and one count of aggravated arson. In Case No. CR-435284, he was charged with one count of robbery. He pled guilty to arson of an automobile and to robbery, and the State dismissed the aggravated arson charge. The court sentenced him to fifteen months in prison for arson and five years in prison for robbery, to be served concurrently.
 {¶ 3} Avery appeals, raising two assignments of error.
 Guilty Plea {¶ 4} In his first assignment of error, Avery argues the trial court abused its discretion by accepting his guilty plea without substantially complying with Crim.R. 11. Specifically, he claims the trial court failed to advise him of the nature of the charges, including the elements of each offense to which he was pleading guilty. He also claims that, because the court erroneously informed him that the robbery charge was a fourth degree felony rather than a second degree felony, the court failed to adequately ensure he made a knowing, intelligent, and voluntary plea. We disagree.
 {¶ 5} Crim.R. 11(C)(2)(a) provides, in pertinent part:
"In felony cases the court may refuse to accept a plea ofguilty or a plea of no contest, and shall not accept a plea ofguilty or no contest without first addressing the defendantpersonally and * * * determining that the defendant is making theplea voluntarily, with understanding of the nature of the chargesand of the maximum penalty involved * * *."
 {¶ 6} Crim.R. 11(C) requires a trial court to conduct an oral dialogue with the defendant to determine whether the defendant fully comprehends the consequences of his guilty plea. State v.Elswick (Nov. 22, 1995), Cuyahoga App. No. 68731.
 {¶ 7} In accepting a plea of guilty, a court need only substantially comply with Crim.R. 11(C). Id. "Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understood the implications of his plea and the rights he waived." State v. Dudley (Oct. 20, 1995), Trumbull App. No. 93-T-4907, 1995 Ohio App. LEXIS 4624, appeal dismissed (1996), 75 Ohio St.3d 1422, 662 N.E.2d 25, citing State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474, 476.
 {¶ 8} Furthermore, courts are not required to explain the elements of each offense, or to specifically ask the defendant whether he understands the charges, unless the totality of the circumstances shows that the defendant does not understand the charges. State v. Kavlich (June 15, 2000), Cuyahoga App. No. 77217, citing State v. Rainey (1982), 3 Ohio App.3d 441, 442,446 N.E.2d 188, 190; State v. Swift (1993), 86 Ohio App.3d 407,412, 621 N.E.2d 513, 516-517, jurisdictional motion overruled (1993), 67 Ohio St.3d 1410, 615 N.E.2d 1044; State v. Burks
(Nov. 13, 1997), Cuyahoga App. No. 71904.
 {¶ 9} In the instant case, the totality of the circumstances indicates that Avery understood the charges against him. Before the court explained the rights he would be waiving, the court instructed him to interrupt the proceedings at any time if there was anything he did not understand. The court then advised him of his constitutional rights, and he indicated that he was pleading guilty of his own free will, that he was satisfied with his attorney, and that no threats or promises were made to induce his plea.
 {¶ 10} The court also advised Avery that he was pleading guilty to arson, which the court stated a was fourth degree felony with a
"possible penalty of incarceration of six, seven, eight, nine,ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen,seventeen or eighteen months and/or a fine of up to five thousanddollars, plus there is a possibility of three years post-releasecontrol."
 {¶ 11} Thus, the court identified the charge to which he was pleading guilty and explained the maximum penalty involved. Avery indicated that he understood these things before he pled guilty to arson.
 {¶ 12} The court then proceeded to the robbery charge, stating that
"[i]t is a felony of the fourth degree which bears possiblepenalty of incarceration of two, three, four, five, six, seven oreight years and/or a fine of fifteen thousand dollars."
 {¶ 13} Although the court erroneously stated that the robbery charge was a felony of the fourth degree rather than a second degree felony, the prosecutor had previously stated that the robbery offense was a second degree felony. The prosecutor also stated the applicable punishment and possible fine. Likewise, the court correctly stated the maximum possible penalty for a second degree felony. Moreover, when the court accepted Avery's plea, the court correctly identified robbery as a second degree felony. Specifically, the court asked:
"THE COURT: Knowing all that, how do you plead to robbery, afelony of the second degree?"
 {¶ 14} Avery never gave any indication that he did not understand the nature of the offense nor did he indicate any confusion over whether the robbery was a fourth or second degree felony. To the contrary, he stated that he understood the charges. When the court later informed him at the sentencing hearing that he had pled guilty to a second degree felony, he did not question it. Under the totality of the circumstances, we find that Avery was aware of the nature of the charges to which he was pleading guilty and, thus, his plea was taken in compliance with Crim.R. 11(C).
 {¶ 15} Accordingly, the first assignment of error is overruled.
 Sentencing {¶ 16} In his second assignment of error, Avery argues the trial court erred when it imposed a five-year prison sentence for robbery because it failed to make the findings required by R.C.2929.14(B) and R.C. 2929.12(B) for imposing more than the minimum sentence. Avery also claims the trial court erroneously failed to engage in the analysis required by R.C. 2929.11(B) to ensure that the five-year sentence is consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 17} R.C. 2929.14(B) provides that the trial court must impose the minimum sentence on an offender who has not previously served a prison term, unless the court finds one of the following on the record:
"(1) The offender was serving a prison term at the time of theoffense, or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prisonterm will demean the seriousness of the offender's conduct orwill not adequately protect the public from future crime by theoffender or others."
 {¶ 18} The Ohio Supreme Court has held that, "pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing."State v. Comer, 99 Ohio St.3d 463, 469, 2003-Ohio-4165,793 N.E.2d 473. However, the trial court is not required to give specific reasons for its finding pursuant to R.C. 2929.14(B)(2). Id., citing State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131.
 {¶ 19} In the instant case, Avery was not a first offender but had previously served several prison sentences. Therefore, under R.C. 2929.14(B), the court was not required to first consider imposing the minimum sentence before imposing a longer sentence.
 {¶ 20} Moreover, the court recited Avery's lengthy criminal record, which included several prior prison sentences. Based on his prior record, the court found that he was not amenable to community control sanctions. The court also found that the minimum would demean the seriousness of the offense. Thus, the court made the findings required by R.C. 2929.14(B) and2929.12(B).
 {¶ 21} Finally, Avery asserts that the court did not engage in the analysis required by R.C. 2929.11(B), which directs the court to impose a sentence which is, among other things, "consistent with sentences imposed for similar crimes committed by similar offenders." Avery has not shown that his sentence is inconsistent with sentences imposed for similar crimes by similar offenders. Unlike many other parts of the sentencing statutes, R.C. 2929.11(B) does not require the court to make express findings. State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110. Thus, the lack of any express finding that Avery's sentence was consistent with the sentences imposed for similar crimes by similar offenders is not, by itself, erroneous.
 {¶ 22} Accordingly, the second assignment of error is overruled.
 {¶ 23} The judgment is affirmed.
Judgment affirmed.
Michael J. Corrigan, A.J, and Kenneth A. Rocco, J., concur.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.