JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Eric Scruggs ("appellant") appeals from his guilty pleas and the sentence imposed by the Cuyahoga County Court of Common Pleas. For the reasons stated below, we affirm in part, reverse in part, and remand for resentencing.
 I. {¶ 2} On February 27, 2003, police were stopped by a woman on the street claiming that three males solicited her to buy drugs for them.[1] When the officers approached the vehicle, they found an envelope containing twelve payroll checks payable to Katrina Bolner ("Bolner") in the sum of $12,385. Police also found a plastic bag containing cocaine and a .38 caliber semi-automatic pistol. At the time the officers approached, appellant was leaning into the vehicle through a window.[2]
 {¶ 3} The police learned from appellant that he was staying in the hotel with his girlfriend, Tara Keyes ("Keyes"). The police verified appellant's story from Keyes and observed credit cards on the bed, each belonging to Bolner. According to Keyes, the hotel room was paid for by Powell.
 {¶ 4} Upon further questioning at the police station, Keyes admitted cashing three of Bolner's checks at two different banks. The checks were given to Keyes by Powell and Crosswhite, and the withdrawn funds were given to Powell. Appellant admitted that he knew Powell, and that he had traveled from Cincinnati with Keyes so that she could cash the checks. Appellant denied any other activity in relation to cashing the checks.
 {¶ 5} On June 16, 2003, appellant was indicted on sixteen counts, including forgery, receiving stolen property, possessing criminal tools, identity theft, theft, and carrying a concealed weapon. On August 11, 2003, appellant entered into a plea agreement whereby he pled guilty to nine counts of forgery, each constituting a felony of the fifth degree. In exchange for appellant's guilty plea, the remaining counts were nolled. On October 14, 2003, appellant was sentenced to a total term of incarceration of 81 months, with credit for time served.
 {¶ 6} Appellant argues that his plea was not made voluntarily. Rather, it was made because his attorney told him that if he failed to plead, his bond would be revoked, he would be put in jail, and the other co-defendants would testify against him.
 {¶ 7} It is from the court's acceptance of his guilty pleas and the sentence imposed that appellant advances three assignments of error for our review. We will review first the assignment of error pertaining to appellant's guilty plea.
 II. {¶ 8} In his third assignment of error, appellant argues that "[his] plea was involuntary because he was not apprised of the character of the offense, and his plea was involuntary because he pled guilty, not because he believed he was guilty, but under threat of, inter alia, having his bond revoked and `being locked up.'"
 {¶ 9} Crim.R. 11 requires the trial judge to personally inform the defendant of the constitutional guarantees he waives by entering a guilty plea. To comply with Crim.R. 11, the trial court must explain to the defendant that he is waiving: (1) the Fifth Amendment privilege against self-incrimination; (2) the right to a trial by jury; (3) the right to confront one's accusers; (4) the right to compulsory process of witnesses; and (5) the right to be proven guilty beyond a reasonable doubt. Failure to strictly comply with these constitutional requirements invalidates a guilty plea. State v. Foster, Cuyahoga App. No. 81309, 2002-Ohio-7072. A reviewing court must find substantial compliance with Crim.R. 11(C). State v. Nero (1990),56 Ohio St.3d 106.
 {¶ 10} Although literal compliance with Crim.R. 11 is preferred, if under the totality of the circumstances it is apparent the defendant subjectively understood the implications of his plea, the plea should not be vacated. Id. We review this issue de novo. State v. Sample, Cuyahoga App. No. 81357, 2003-Ohio-2756. Further, "a guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void." State v. Bowen (1977), 52 Ohio St.2d 27.
 {¶ 11} Appellant argues that the evidence is such that he would not have voluntarily pled guilty, his counsel forced his plea, and the court failed to properly inform him of the nature of the charges. Contrary to this argument, we find appellant's plea was knowingly and voluntarily made and that the plea was valid.
 {¶ 12} The transcript reveals that the court fully apprised appellant of the nature of the offense. The trial court was not required to explain the elements of each offense, or to specifically ask the defendant whether he understood the charges, unless the totality of the circumstances showed that the defendant did not understand the charges. State v. Kavlich
(June 15, 2000), Cuyahoga App. No. 77217.
 {¶ 13} In the case sub judice, the court stated: "Based upon the statement of the prosecuting attorney and your attorney, it's my understanding you will plead guilty today to Counts 1 through 9, each a felony of the fifth degree, each is punishable by 6-12 months in prison, up to $2,500 fine, three years of post-release control."[3] This was sufficient to apprise appellant of the nature of the offenses. See State v. Avery, Cuyahoga App. No. 83095, 2004-Ohio-1267.
 {¶ 14} The court also fully advised appellant of the rights he was waiving. Appellant responded in the affirmative when asked whether he understood those rights. Lastly, the court concluded: "Have any threats or promises been made to you other than what has been said in open court on the record?" Appellant responded: "No, there have not."
 {¶ 15} We are satisfied the trial court took the necessary steps to ensure appellant's plea was knowingly and voluntarily made. Appellant's third assignment of error is overruled.
 III. {¶ 16} In appellant's first assignment of error, appellant argues that "[his] sentence must be vacated because the trial court failed to make the appropriate statutory findings to impose consecutive sentences pursuant to R.C. 2929.14(E)." For the reasons stated below, appellant's first assignment of error is sustained.
 {¶ 17} The trial court has the discretion to impose consecutive sentences if the court sets forth the statutorily required findings and reasons in support thereof. State v.Edmonson (1999), 86 Ohio St.3d 324; R.C. 2929.14(E),2929.19(B)(2)(c). The trial court need not recite the exact language of the statute, as long as it is clear from the record that the court made the required findings. State v.Casalicchio, Cuyahoga App. No. 82216, 2003-Ohio-3028. If the findings are discernible from the record, the court has complied with R.C. 2929.19(B)(2)(c) and 2929.14(E)(4). Id.; State v.Chaney, Cuyahoga App. No. 80496, 2002-Ohio-4020.
 {¶ 18} R.C. 2929.14(E)(4) requires the trial court to make three findings prior to sentencing an offender to consecutive sentences. State v. Hunter, Cuyahoga App. No. 81006, 2003-Ohio-994. The court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the defendant's conduct; and (3) not disproportionate to the danger the defendant poses to the public. In addition to these three findings, the trial court must also find one of the following: (1) the defendant committed the offenses while awaiting trial or sentencing on another charge; (2) the harm caused was so great that no single sentence would suffice to reflect the seriousness of defendant's conduct; or (3) the defendant's criminal history is so egregious that consecutive sentences are needed to protect the public. R.C.2929.14(E)(4)(a)-(c).
 {¶ 19} It is axiomatic that the trial court must make a record at the sentencing hearing that confirms that the trial court's decision-making process included all of the statutorily required sentencing considerations. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165. In the case sub judice, the trial court failed to comply with R.C. 2929.14(E)(4).
 {¶ 20} In sentencing appellant, the trial court made the following findings:
"Mr. Scruggs, in this case you were involved in a number offorgeries which severely hampered the victim in the case anddamaged her credit, something that will probably never beentirely corrected, will always cause problems.
* * *
"The court further states based upon your extensive criminalhistory, prior prison, the fact that a weapon was involved here,irreparable harm was done to the victim, that consecutivesentences are necessary to fulfill the purposes of thelegislature, that your criminal history requires consecutivesentences based upon your recidivism, and consecutive sentencesare not disproportionate to the seriousness of your conduct. Youare a danger to the public."
 {¶ 21} Although the court spoke to appellant's criminal history, there is no reference to the fact consecutive sentences are necessary to prevent appellant from future crime or to punish the offender. Additionally, although the court made a specific finding that appellant is a danger to the public, absent is the finding that consecutive sentences are not disproportionate to the danger posed. Simply being a danger is not sufficient under the statute. Further, it is not sufficient to simply refer to statutory guidelines generally. Although a verbatim recitation of the statutory language is not required, the court must make a record at the sentencing hearing that confirms that the trial court's decision-making process included all of the statutorily required sentencing considerations. Comer, supra. The court's broad finding that "consecutive sentences are necessary to fulfill the purposes of the legislature" lacks any discernible indication that all statutory requirements were considered.
 {¶ 22} Appellant's first assignment of error is sustained.
 IV. {¶ 23} Because appellant's first assignment of error has been sustained, we need not address his second assignment of error. App.R. 12(A)(1)(c).
 {¶ 24} Judgment affirmed in part, reversed in part, and remanded for resentencing.
It is ordered that the parties bear their own costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., concurs; Cooney, P.J., concurs with assignmentsof error two and three and dissents with assignment of errorone.
[1] The men pulled their vehicle into the parking lot of the Noble Hotel shortly before the police were stopped.
[2] Inside the vehicle were Demetrious Powell ("Powell"), the driver; Orlando Green ("Green"), the driver's rear-side passenger; and Donald Crosswhite ("Crosswhite"), the front passenger. Powell did not have a driver's license and admitted to owning the drugs; Green had the pistol under his leg; and Crosswhite was found with two forms of identification, each with different social security numbers, one of which matched the same address as Bolner.
[3] The state also fully read the charges and possible terms of incarceration and other penalties. When the state concluded its opening, the court asked appellant, "Mr. Scruggs, do you understand everything that was said so far today?" Appellant responded, "Yes, your honor."