JOURNAL ENTRY and OPINION
{¶ 1} Defendant Kevin Austin (appellant) appeals the court's accepting his guilty plea to aggravated murder. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On November 25, 2003, appellant was indicted for aggravated murder in violation of R.C. 2903.01 with one- and three-year firearm specifications. Appellant pled not guilty and, because of a history of mental illness, the court ordered a psychiatric evaluation for both his competency to stand trial and his sanity at the time of the offense. Pursuant to the clinical evaluation, in May 2004 the parties stipulated that appellant was competent to stand trial. However, on July 26, 2004, appellant changed his plea to not guilty by reason of insanity. On February 1, 2005, appellant and the state reached an agreement, and appellant pled guilty to aggravated murder with a one-year firearm specification. That same day, the court sentenced appellant to mandatory life in prison with the possibility of parole after 20 years, to be served consecutively to one year for the firearm specification. On October 17, 2005, appellant filed this delayed appeal.
 II. {¶ 3} In his sole assignment of error, appellant argues that "the trial court abused its discretion by accepting the appellant's invalid plea." Specifically, appellant argues that he did not enter a knowing, voluntary and intelligent plea for the following reasons: the court failed to define aggravated murder, the offense with which he was charged, and the court failed to explain self-defense as an option if he were to go to trial. Appellant alleges that by making these omissions, the court failed to follow the mandates of Crim.R. 11(C), which governs guilty pleas.
 {¶ 4} The underlying purpose of Crim.R. 11(C) is for the court to give enough information to a defendant to allow that defendant to make an intelligent, voluntary and knowing decision of whether to plead guilty. See State v. Ballard (1981),66 Ohio St.2d 473. Courts have divided Crim.R. 11 rights into constitutional and non-constitutional rights. Concerning the constitutional rights, courts must strictly comply with Crim.R. 11 mandates; for the non-constitutional rights, the standard is substantial compliance. State v. Stewart (1977),51 Ohio St.2d 86. Substantial compliance means that "if under the totality of the circumstances it is apparent the defendant subjectively understood the implications of his plea, the plea should not be vacated." State v. Scruggs, Cuyahoga App. No. 83863,2004-Ohio-3732.
 {¶ 5} Crim.R. 11(C)(2)(a) states that the court must determine the defendant understands "the nature of the charges" before accepting that defendant's guilty plea. We have previously held that in determining a defendant's understanding of the charges against him or her, substantial compliance with Crim.R. 11(C)(2)(a) is required. State v. Fatica (Feb. 23, 1989), Cuyahoga App. Nos. 55090 and 55091. "In determining whether a defendant understands the nature of the charges, the court must examine the totality of the circumstances. The trial court need not recite the elements of the plea as long as the court is convinced the defendant understands the charge." Id. (citingState v. Rainey (1982), 3 Ohio App.3d 441). Additionally, a trial court is not required to inform a defendant of the availability of self-defense prior to accepting a guilty plea.State v. Reynolds (1988), 40 Ohio St.3d 334.
 {¶ 6} In the instant case, a review of the record shows that the court first determined that defense counsel had explained to appellant and his family, at some length, the nature of the charges against him and his rights. The court then followed the mandates of Crim.R. 11(C), and further explained to appellant what he was being charged with and what rights he was waiving by entering a guilty plea. Most notably, the court stated the following: "Aggravated murder with a 1-year firearm specification carries with it a mandatory term of incarceration of life imprisonment without the possibility of parole for 20 years. The firearm specification as amended carries with it a mandatory consecutive term of one year. So it would be life imprisonment without the possibility of parole for 21 years. Do you understand that?" Appellant replied that he did.
 {¶ 7} Accordingly, we find that the court complied with Crim.R. 11, and appellant's plea was made knowingly, voluntarily and intelligently. Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sean C. Gallagher, P.J., and Michael J. Corrigan, J., concur.