JOURNAL ENTRY AND OPINION
{¶ 1} During an argument, appellant, Gerald McCrimon ("appellant"), shot Ronald Anderson ("Ronald"), in the neck. Ronald's brother, Curtis Anderson ("Curtis"), was also involved in the argument, but immediately ran away when appellant shot his brother. Appellant chased Curtis and upon reaching him, pointed the gun at Curtis and pulled the trigger. The gun, however, was out of ammunition and did not fire. Curtis eventually escaped from appellant and hid until the police arrived. Ronald and Curtis positively identified appellant as the shooter and appellant was arrested.
 {¶ 2} Appellant pled no contest to two counts of attempted murder, both with a one-year and three-year firearm specification, three counts of felonious assault, two of which included a one-year and three-year firearm specification, and one count of having a weapon under a disability. After the trial court accepted appellant's no contest plea and found appellant guilty, appellant was sentenced to a total of 24 years in prison. Appellant now appeals, citing two assignments of error.
 I. {¶ 3} Appellant argues in his first assignment of error that the trial court erred in failing to merge the sentences for the two firearm specifications because the underlying felonies were committed as part of the same act or transaction. Appellant claims that the act of shooting Ronald and Curtis occurred within seconds of each other and should be considered a continuous, uninterrupted act for the purposes of merging the one-year and three-year firearm specifications attached to the attempted murder and felonious assault counts. However, appellant's argument lacks merit.
 {¶ 4} R.C. 2929.14(D)(1) provides in pertinent part as follows:
 {¶ 5} "(a) Except as provided in division (D)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141 [2941.14.1], 2941.144 [2941.14.4], or 2941.145 [2941.14.5] of the Revised Code, the court shall impose on the offender one of the following prison terms:
 {¶ 6} "* * *
 {¶ 7} "(ii) A prison term of three years if the specification is of the type described in section 2941.145 [2941.14.5] of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense;
 {¶ 8} "* * *
 {¶ 9} "(b) If a court imposes a prison term on an offender under division (D)(1)(a) of this section, the prison term shall not be reduced pursuant to section 2929.20, section 2967.193
[2967.19.3], or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code. A court shall not impose more than one prison term on an offender under division (D)(1)(a) of this section for felonies committed as part of the same act or transaction."
 {¶ 10} In State v. Wills, 69 Ohio St.3d 690, 691,1994-Ohio-417, 635 N.E.2d 370, the Supreme Court of Ohio defined "transaction" as "a series of continuous acts bound together by time, space and purpose, and directed toward a single objective." Pursuant to R.C. 2929.14(D)(1)(b), when the underlying felonies are committed as part of one transaction, the trial court is limited to sentence the defendant to one three-year prison term for a single firearm specification. State v. Santana, Cuyahoga App. No. 87170, 2005-Ohio-3843, ¶ 15.
 {¶ 11} This court in State v. Hill, 160 Ohio App.3d 324,2005-Ohio-1501, ¶ 64, 827 N.E.2d 351, held that the trial court properly sentenced Hill to consecutive sentences for firearm specifications when he shot one victim and continued to shoot another victim after the first victim fell to the ground. Finding two separate objectives for the two shootings, this court opined that "[h]ad Hill intended to shoot only Polk, he would not have continued shooting White after Polk fell to the ground." Id.
 {¶ 12} Here, appellant shot Ronald in the neck and then gave chase to Curtis, who turned and ran. When appellant reached Curtis, he tried to shoot him, but the gun was out of ammunition and failed to fire. The time and space between the two shootings, while relatively close, cannot be deemed one continuous act when appellant had to spend time running after Curtis to attempt to shoot him. Like Hill, had appellant intended to shoot only Ronald, he would not have chased and fired his gun at Curtis after he shot Ronald. Because the two shootings are not the same transaction for the purposes of R.C. 2929.14(D)(1)(b), the trial court properly sentenced appellant to consecutive sentences for the firearm specifications for the underlying attempted murder and felonious assault convictions. Thus, appellant's first assignment of error is overruled.
 II. {¶ 13} For his second assignment of error, appellant argues that his plea of no contest was not knowingly and voluntarily made because the trial court misrepresented the possible sentence at the plea hearing. In particular, appellant contends that the trial court informed him that the two three-year firearm specifications would merge. Because they did not merge for the purposes of sentencing, appellant claims that his no contest plea was not knowingly and voluntarily made. However, appellant's argument lacks merit.
 {¶ 14} Crim.R. 11(C) provides as follows:
 {¶ 15} "* * *
 {¶ 16} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 17} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 18} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 19} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 20} At the plea hearing, the trial court stated that the one-year and three-year firearm specifications for the underlying felonies would merge with each other for the purposes of sentencing. The trial court did not state, as argued by appellant, that all of the firearm specifications for the underlying felonies would merge. Appellant would have this court believe that he did not make a knowing and voluntary no contest plea because the trial court misled him in thinking that he would only receive a single three-year sentence for the firearm specifications. However, based on the statements made by the trial court at the plea hearing, the trial court did not misrepresent the possible sentence to appellant and his impression of the consequences of his no contest plea is immaterial to whether it was made knowingly and voluntarily. SeeState v. Sabatino (1995), 102 Ohio App.3d 483, 485-486,657 N.E.2d 527. Appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Kilbane, J., concur.