JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Nathaniel Pate (appellant) appeals his guilty plea and accompanying 20-year prison sentence. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On July 10, 2007, appellant pled guilty to aggravated robbery, felonious assault, failure to comply with order or signal of police officer, attempted robbery, and having a weapon while under disability. Counts one and two contained firearm specifications. On July 18, 2007, the court sentenced appellant as follows: six years for aggravated robbery, six years for felonious assault, two years for failure to comply, and three years each for the two firearm specifications, to run consecutive to each other, for an aggregate prison term of 20 years. In addition, the court sentenced appellant to eight years for attempted robbery and five years for having a weapon while under disability, to run concurrent to the 20-year sentence.
 II. {¶ 3} In appellant's first assignment of error, he argues that his "guilty pleas were invalid since the trial court failed to advise him of the consequences of violating post release control."
 {¶ 4} The underlying purpose of Crim. R. 11(C) is for the court to give enough information to a defendant to allow him to make an intelligent, voluntary, and knowing decision of whether to plead guilty. SeeState v. Ballard (1981), 66 Ohio St.2d 473. Courts have divided Crim. R. 11 rights into constitutional and nonconstitutional rights. Concerning *Page 4 
the constitutional rights, courts must strictly comply with Crim. R. 11 mandates; for the nonconstitutional rights, the standard is substantial compliance. State v. Stewart (1977), 51 Ohio St.2d 86. Substantial compliance means that "if under the totality of the circumstances it is apparent the defendant subjectively understood the implications of his plea, the plea should not be vacated." State v. Scruggs, Cuyahoga App. No. 83863, 2004-Ohio-3732.
 {¶ 5} Pursuant to Crim. R. 11(C)(2)(a), a court may not accept a guilty plea "without first addressing the defendant personally and * * * [determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximumpenalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." (Emphasis added.)
 {¶ 6} Courts must substantially comply with the Crim. R. 11 mandates regarding informing an offender of the maximum penalty involved because it is not a constitutional right. State v. Clark, 119 Ohio St.3d 239,2008-Ohio-3748. Included in an offender's maximum penalty is postrelease control, should he or she be subject to it. See State v. Sarkozy,117 Ohio St.3d 86, 2008-Ohio-509.
 {¶ 7} In the instant case, the court informed appellant that by pleading guilty, he would be subject to three to ten years in prison for count one; three to ten years for count two; consecutive three-year firearm specifications for counts one and two; one to five years for count five, consecutive to any other sentence; two to eight years for count six; and one to five years for count seven. In addition, the court stated, "At the conclusion of any state sentence that will result from these charges, you will be subject to 5 years post-release *Page 5 
control. Violating those terms and conditions could return you to the institution for half of any time you will have served."
 {¶ 8} Appellant argues that this colloquy fails to advise him of the consequences of a postrelease control violation. We disagree. InState v. Evans, Cuyahoga App. Nos. 84966 and 86219, 2005-Ohio-5971, we noted the following:
 "It is only at the sentencing hearing that the court must inform a defendant of the maximum prison term that could be imposed for violation of postrelease control. Logic dictates that it is only at the time of the sentencing hearing that the trial court is aware of the sentence it will impose and only then can it adequately inform a defendant of the maximum prison term that could be imposed for violation of postrelease control, or one-half of the sentence imposed. Asking a trial court to inform a defendant of this information at the time of the plea is asking a court to do the impossible, accurately predict what sentence it would impose, and then calculate what one-half of that sentence would be."[1]
 {¶ 9} We hold that the plea colloquy in the instant case contains an accurate statement of the maximum penalty appellant faced, and the court substantially complied with Crim. R. 11 regarding postrelease control. Appellant's first assignment of error is overruled.
 III. {¶ 10} In appellant's second assignment of error, he argues that his "pleas were not knowingly and voluntarily made when he was under the mistaken belief that he was eligible for judicial release." Specifically, appellant argues that the court erred when it "listened without *Page 6 
uttering a word of correction" to defense counsel's incorrect statement that he would be eligible for judicial release.
 {¶ 11} In the instant case, at the plea hearing, defense counsel stated that she advised appellant "that he would be eligible for judicial release after a particular amount of time, but that judicial release is not something that is guaranteed." In fact, the law reflects that an offender is eligible for judicial release if he or she is serving a prison term that is ten years or less and the mandatory stated term, if any, has already been served. R.C. 2929.20(A).
 {¶ 12} Accordingly, appellant's status as an offender eligible for judicial release depended on the length of his sentence. For example, the mandatory prison term that appellant was subject to was seven years — three for the first count, three for the firearm specification, and one for the failure to comply, assuming the sentences for the other counts were less than, and concurrent to, this minimum sentence. Had appellant been sentenced to less than ten years, he would have been eligible for judicial release after seven years, under R.C. 2929.20(A).
 {¶ 13} Crim. R. 11 mandates what the court must say to a defendant while accepting a guilty plea. It does not control trial counsel's representations to his or her client. Nonetheless, we find this case analogous to State v. Mitchell, Trumbull App. No. 2004-T-0139,2006-Ohio-618. In Mitchell, the court held, "Unless incorporated into a plea agreement, the trial court is not under an obligation to inform a defendant regarding his eligibility for judicial release." Id. at ¶ 14. See, also, State v. Xie (1992), 62 Ohio St.3d 521, 524-25 (holding that "a defendant who bases a plea decision on parole eligibility will often *Page 7 
be relying on a factor beyond the prediction of defense counsel, and beyond the actual control of a defendant").
 {¶ 14} In the instant case, the record shows that the parties discussed a 14-year sentence as something that the victims in the case would not be opposed to. However, the state did not make a sentencing recommendation; rather, it deferred to the trial court's discretion. When appellant mentioned 14 years to the court, the court responded by saying, "Let's be clear on that. Nobody has committed to that 14 years. Okay?" There is nothing in the record to show that appellant was induced to plead guilty based on a promise of a certain sentence or the notion of judicial release. As such, counsel's representation regarding judicial release was not prejudicial to appellant, nor did it invalidate his plea, where the court otherwise complied with Crim. R. 11. Appellant's second assignment of error is overruled.
 IV. {¶ 15} In appellant's third assignment of error, he argues that he "did not receive effective assistance of counsel." Specifically, appellant argues that his counsel was ineffective for two reasons. First, counsel informed appellant that he would be eligible for judicial release. Second, counsel was unprepared at the sentencing hearing.
 {¶ 16} To substantiate a claim of ineffective assistance of counsel, an appellant must demonstrate that 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984), 466 U.S. 668; State v. Brooks (1986), 25 Ohio St.3d 144. In State v.Bradley, the Ohio Supreme Court *Page 8 
truncated this standard, holding that reviewing courts need not examine counsel's performance if appellant fails to prove the second prong of prejudicial effect. State v. Bradley (1989), 42 Ohio St.3d 136. "The object of an ineffectiveness claim is not to grade counsel's performance." Id. at 142.
 {¶ 17} As to appellant's first reason, we thoroughly analyzed counsel's comment regarding judicial release in assignment of error two, and found that it was not prejudicial to appellant. Compare with Statev. Persons, Meigs App. No. 02CA6, 2003-Ohio-4213 (finding that a plea was not voluntarily made when a misstatement regarding judicial release was made part of the plea bargain and agreed to by defense counsel, the state, and the court). In the instant case, defense counsel's comment regarding judicial release was a statement, not a misstatement. Furthermore, it was not part of the plea agreement and it was not endorsed by the state or the court. There is no evidence that appellant would have changed his guilty plea had counsel not made the statement in question, therefore, this argument fails the second prong ofStrickland.
 {¶ 18} As to appellant's second reason for alleging ineffective assistance of counsel, he argues that "defense counsel's comments [at the sentencing hearing] only take up more than slightly one page of the transcript * * * and she told the judge that [appellant] had been cooperative, respectful and remorseful. She indicated that if there had been a presentence investigation, it would have disclosed that he had not committed crimes of violence in the past. Of course, there was no P.S.I., since counsel had not requested a report. And, again, *Page 9 
she requested that the trial judge `structure the sentence in a manner in which my client would be eligible for judicial release.' Of course, this was an impossibility."
 {¶ 19} First, there is no legal nor logical support to the notion that effective assistance requires counsel to comment for more than one page of the transcript at the sentencing hearing. Second, the record shows that appellant declined to have the court order a new presentence investigation report in order for him to be sentenced sooner. Third, the court noted that it had appellant's "older" pre-sentence investigation report to take into consideration. Fourth, we have already established that it was possible for the court to structure a sentence in which appellant would have been eligible for judicial release; however, that did not happen.
 {¶ 20} Appellant failed to show that any of these reasons had a prejudicial effect against him, and his third assignment of error is overruled.
 V. {¶ 21} In appellant's fourth assignment of error, he argues that "the trial court erred by imposing consecutive three year sentences for the gun specifications contained in count[s] one and two." Specifically, appellant argues that his acts of shooting at a police officer and then attempting to escape were a series of continuous events.
 {¶ 22} R.C. 2929.14(D)(1)(b) governs whether a court may impose firearm specification prison terms consecutively, and it states that "* * * a court shall not impose more than one prison term on an offender [for a firearm specification] for felonies committed as part of the same act or transaction." In State v. Wills, 69 Ohio St.3d 690, 691, 1994-Ohio- *Page 10 
417, the Supreme Court of Ohio defined "transaction" as "a series of continuous acts bound together by time, space and purpose, and directed toward a single objective."
 {¶ 23} In the instant case, the record shows that the court sentenced appellant to consecutive three-year prison terms for two firearm specifications. One specification was for the felonious assault charge, where the court noted the following:
 "[A]s certain bars were being closed down in the Warehouse District in September of 2005, there was [sic] a number of fights going on, that you were asked by a police officer to stop, but you didn't stop in this case.
 * * *
 "And that you fired off a number of rounds in the direction of the police officer * * *."
 {¶ 24} The second specification was for the aggravated robbery charge, about which the court noted the following:
 "[T]hat in the course of your attempting to escape, you went into a vehicle being driven by another individual and attempted to — were successful in car jacking, got the guy out of the car at gunpoint, got into the vehicle * * * drove the vehicle and smashed it into the Justice Center, you then attempted to do the same thing with another vehicle and were apprehended."
 {¶ 25} We find that although these facts may be a "series of continuous acts bound together by time," they were not committed with a single objective. As a matter of law, appellant's objective when firing several rounds of a .40 caliber semiautomatic handgun in a police officer's direction was to cause the officer serious physical harm. See, e.g., State v. Johnson (1978), 56 Ohio St.2d 35, 39 (holding that "[i]t is a fundamental principle that a person is presumed to intend the natural, reasonable and probable consequences of his *Page 11 
voluntary acts"). In contrast, appellant's objective when he carjacked one of the victims at gun point was to escape police apprehension.
 {¶ 26} Accordingly, we hold that the court did not err when it sentenced appellant to two consecutive terms of imprisonment for firearm specifications. See State v. McCrimon, Cuyahoga App. No. 87617,2006-Ohio-5722 (holding that the events were not one continuous act when the defendant shot one victim, then chased and fired a gun at a second victim).
 {¶ 27} Appellant's fourth assignment of error is overruled.
 VI. {¶ 28} In appellant's fifth and final assignment of error, he argues that "the trial court erred by imposing consecutive sentences in counts one and two." In the instant case, the court imposed six-year sentences in counts one and two, to run consecutively. Appellant argues that the court "could have imposed a 13 year sentence on count one * * *." It is unclear why appellant makes this specific argument. However, we will address this assignment of error as if appellant had argued that the court should have imposed the minimum sentence for counts one and two, which is three years in prison for each count, to run concurrently.
The Ohio Supreme Court recently released State v. Kalish, Slip Opinion No. 2007-1703, 2008-Ohio-4912, which addresses the standard for reviewing felony sentencing decisions after State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Kalish, in a plurality decision, holds that appellate courts must apply a two-step approach when analyzing alleged error in a trial court's sentencing. "First, they must examine the sentencing court's *Page 12 
compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id. at ¶ 4.
 {¶ 29} In determining whether appellant's sentence is contrary to law, we look to R.C. 2929.14(A)(1), which states that courts shall impose a prison term of three, four, five, six, seven, eight, nine, or ten years for first degree felony offenses. Appellant's convictions for aggravated burglary and felonious assault are both first degree felonies; therefore, the court's six-year sentence is within the statutory range. We also find that the court properly included postrelease control as part of appellant's sentence, stating that at the conclusion of appellant's prison term, he is required to serve five years of postrelease control. See State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085.
 {¶ 30} Next, we must determine whether the trial court considered the purpose and principles found in R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12 when sentencing appellant. While the court in the instant case did not expressly mention these sentencing statutes on the record, it asked questions and made findings in accordance with the guidelines, showing that proper consideration was given. See State v. Barnette, Mahoning App. No. 06-MA-135,2007-Ohio-7209 (holding that when "the court placed on the record a range of pronouncements and findings that coincide with various statutory factors," it could be concluded on appeal that "the sentencing court has sufficiently fulfilled its duty under these statutes"). *Page 13 
 {¶ 31} Accordingly, under the first prong of the Kalish test we conclude that the court "clearly and convincingly complied with the pertinent laws." Id. at ¶ 18. The details of the court's findings will be analyzed below under the second prong of Kalish.
 {¶ 32} We now review the trial court's decision for an abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 33} In the instant case, the court took the following into consideration on the record: appellant deliberately fired a gun at a Cleveland police officer; appellant appeared to be genuinely remorseful regarding the offense; had appellant been successful, he "would have potentially faced the death penalty"; appellant robbed a victim at gunpoint; appellant failed to comply with an officer's signal to stop; appellant had a weapon while under disability; appellant attempted to rob another victim; at the time of the offense, appellant was on probation; appellant has a prior record; and appellant failed to appear in court when given a bond. The court also described appellant's acts as follows: "[s]hort of actual homicide, these are about as serious and heinous acts as we are confronted with here in Common Pleas Court."
 {¶ 34} As there is nothing in the record suggesting that appellant's sentence is unreasonable, arbitrary, or unconscionable, we find that the court did not abuse its discretion. Appellant's fifth and final assignment of error is overruled.
Judgment affirmed. *Page 14 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MARY EILEEN KILBANE, J., CONCUR
KEY WORDS:
[1] See, also, State v. Jones, Cuyahoga App. No. 89499, 2008-Ohio-802, discretionary appeal accepted in State v. Jones, 119 Ohio St.3d 1407,2008-Ohio-3880. *Page 1