JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Defendant Lavelle Jackson (appellant) appeals the trial court's denial of his motion to withdraw his guilty plea. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 3} On April 1, 2008, appellant pled guilty to breaking and entering in violation of R.C. 2911.03. On April 29, 2008, just prior to his sentencing hearing, appellant filed a motion to withdraw his guilty plea. The court held a hearing, denied the motion, and sentenced appellant to six months in prison.
 II {¶ 4} In his sole assignment of error, appellant argues that "the trial court abused its discretion, committing reversible error, by denying appellant's oral and written motion to withdraw guilty plea made prior to sentencing when said plea was not tendered in strict compliance with his Sixth and Fifth Amendment rights, as well as being violative of Criminal Rule 11." Specifically, appellant makes two arguments under this assignment of error. First, he argues that the court failed to advise him of his Fifth Amendment right not to testify against himself, in violation of Crim. R. 11. Second, he claims that the court erred in denying his presentence motion to withdraw his guilty plea.
 {¶ 5} The underlying purpose of Crim. R. 11(C) is for the court to give enough information to a defendant to allow him to make an intelligent, voluntary, and *Page 4 
knowing decision of whether to plead guilty. See State v. Ballard
(1981), 66 Ohio St.2d 473. Courts have divided Crim. R. 11 rights into constitutional and nonconstitutional rights. Concerning the constitutional rights, courts must strictly comply with Crim. R. 11 mandates; for the nonconstitutional rights, the standard is substantial compliance. State v. Stewart (1977), 51 Ohio St.2d 86. InBallard, supra, at 480, the Ohio Supreme Court held that for strict compliance, "a rote recitation of Crim. R. 11(C) is not required, and failure to use the exact language of the rule is not fatal to the plea." Substantial compliance means that "if under the totality of the circumstances it is apparent the defendant subjectively understood the implications of his plea, the plea should not be vacated." State v.Scruggs, Cuyahoga App. No. 83863, 2004-Ohio-3732.
 {¶ 6} Pursuant to Boykin v. Alabama (1969), 395 U.S. 238 and Crim. R. 11(C)(2)(c), the privilege against compulsory self-incrimination is one of the constitutional rights which is reviewed under a strict compliance standard. A review of the record in the instant case shows that the court, during the plea hearing, asked appellant if he understood the following: "You have the right to require the State of Ohio to prove your guilt beyond a reasonable doubt at a trial at which you cannot be forced to testify against yourself." Appellant replied that he understood this right.
 {¶ 7} Appellant argues that part of his plea agreement was to testify against his co-defendant, and that, somehow, this rendered his guilty plea deficient as to his right to remain silent. We disagree. The record shows that the court strictly *Page 5 
complied with the Crim. R. 11 requirement to inform a defendant of the privilege against self-incrimination.
 {¶ 8} Appellant next argues that the court erred by denying his motion to withdraw his guilty plea. Crim. R. 32.1 governs withdrawals of guilty pleas, and it reads, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The Ohio Supreme Court has held the following regarding presentence motions to withdraw guilty pleas:
 "Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, *** still the decision thereon is within the sound discretion of the trial court. *** Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. *** One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. ***"
 {¶ 9} State v. Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715
(citing Barker v. United States (C.A.10, 1978), 579 F.2d 1219, 1226;State v. Peterseim (1980), 68 Ohio App.2d 211, 428 N.E.2d 863).
 {¶ 10} Furthermore, in State v. Benson, Cuyahoga App. No. 83178,2004-Ohio-1677, we summarized the following factors that weigh in favor of a court's overruling a defendant's presentence motion to withdraw a guilty plea: 1) Highly competent counsel represented the defendant; 2) The court held a full Crim. R. 11 plea hearing; 3) The court held a full hearing on the motion to withdraw the plea; 4) The "record reveals that the court gave full and fair consideration to the plea *Page 6 
withdrawal request"; 5) The motion was made in a reasonable time; 6) The motion stated specific reasons for withdrawal; 7) The record shows that the defendant "understood the nature of the charges and possible penalties"; and 8) The defendant had evidence of a plausible defense.
 {¶ 11} In the instant case, appellant was represented by highly competent counsel at both the Crim. R. 11 and motion to withdraw the plea hearings. In addition, the court gave fair consideration to appellant's motion, noting the following: it complied with Crim. R. 11 mandates; appellant's counsel testified that she believed appellant made the plea in a knowing, voluntary, and intelligent fashion; the plea was "just a strategic decision to accept a [felony] five as opposed to something more serious"; and that appellant was making a last minute decision to withdraw his plea because he tested positive for marijuana during his court-supervised release program. Furthermore, appellant's motion, which was filed on the morning of his sentencing hearing, stated that he wanted to withdraw his plea because he was not guilty and he wanted to go to trial on the merits of the case. Finally, the record reflects that appellant understood the nature of the charges against him and the possible penalties he faced.
 {¶ 12} Accordingly, we cannot say that the court abused its discretion in denying appellant's motion to withdraw his guilty plea, and appellant's sole assignment of error is overruled.
Judgment affirmed.
 It is ordered that appellee recover of appellant costs herein taxed. *Page 7 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, A.J., and JAMES J. SWEENEY, J., CONCUR *Page 1